Home Savings Bank vs. Bartolomeo Rolando et al. } No. 76751.

June 8, 1932.

BLODGETT, J. Heard upon motion for examination of Anthony V. Pettine, Edward L. Godfrey and Frank C. Cambio, co-partners as Pettine, Godfrey & Cambio, garnishees named in a writ of mesne process issued in above case September 12, 1928, and served upon said garnishees September 13, 1928.

The original writ in the case named the Providence Institution for Savings, Lincoln Trust Company and Anthony V. Pettine as garnishees. Garnishees' affidavits were duly filed by the above named garnishees, disclosing no funds.

An affidavit was filed separately by Anthony V. Pettine on August 10, 1928, which sets out with some particularity the circumstances surrounding the matter, as follows:

July 19, 1928, the defendant Rolando, executor of the will of Francesco Maesicano, late of Providence, consulted with him (Pettine) with reference to a petition pending in the Probate Court in Boston, and also with reference to a deposit in said Providence Institution for Savings; that said Rolando informed him that the said deposit had been attached; that upon investigation he (Pettine) found said fund had not been attached; that the defendants were desirous of withdrawing said fund and executed an order transferring $2,137.65 from said Providence Institution for Savings to the Lincoln Trust Company; that he thereupon turned the matter over to his associate Frank C. Cambio; that he (Pettine) had nothing further to do with the matter until about 2:50 p. m. on July 19, 1928, service was made of said writ attaching funds in his hands and possession of said defendants.

The record shows that said Cambio withdrew the said fund from said Providence Institution for Savings, deposited same in the Lincoln Trust Company, and that said fund was drawn by said defendants from said trust company by virtue of a check issued by said firm of Pettine, Godfrey & Cambio to said defendants.

The firm of attorneys simply acted as the channel through which the money was transferred from them to defendants and the same amount drawn from the Providence Institution for Savings was thus transferred. There is nothing on the record to show that Anthony V. Pettine, at the time he was acting as attorney for Rolando, knew any reason why said fund might be attached by the plaintiff or that Rolando owed any money to plaintiff. The declaration sets forth no facts which by themselves would apprise Pettine of the nature of the case.

The Rhode Island cases cited in brief of plaintiff, viz.: *Robinson* v. *McKenna*, 21 R. I. 117, and *Lennon* v. *Parker*, 22 R. I. 43, were determined on facts which differ from present case.

In these cases assignment of wages was made to extinguish debts due garnishee. The garnishee failed to extinguish the debt due himself and turned

back part of the wages assigned to the assignee. This act was clearly in fraud of creditors.

In present case, on the face of the record there appears no money due either Anthony V. Pettine or to the firm of Pettine, Godfrey & Cambio at the time of the transfer. There appears to have been no consideration for the transfer, and the amount paid over to Rolando was the same received by the firm.

A person making the statutory affidavit cannot be charged by garnishment unless the principal debtor has a cause of action against him.

*Carpenter* vs. *Gay*, 12 R. I. 306.

A plaintiff has no greater rights against the garnishee than the principal defendant debtor would have if himself suing.

*Waldron* vs. *Wilcox*, 13 R. I. 518.

The principal defendant debtors in present case are the Rolandos. At the time the attachment was served upon Pettine, Godfrey & Cambio, they had no cause of action against Pettine, Godfrey & Cambio.

In the opinion of the Court the garnishees must be discharged.

For plaintiff: Francis I. McCanna & George F. Troy and James L. Taft.

For garnishees Anthony V. Pettine et al.: Pettine, Godfrey & Cambio.